Ali KULLY and Naheed Kully, Plaintiffs,

v.

AIRCRAFT SERVICE INTERNATIONAL GROUP, INC., a/k/a Asig, Carmine Testa and Olga Guallpa, Defendants.

Aircraft Service International Group, Inc., Third–Party Plaintiff,

v.

Saudi Arabian Airlines Corporation and Global Securities Associates, LLC, Third–Party Defendants.

No. 09–CV–2214 (RRM)(CLP).

United States District Court, E.D. New York.

Aug. 10, 2009.

Thomas J. Moverman, Lipsig, Shapey, Manus, & Moverman, P.C., New York, NY, for Plaintiffs.

Kerry Ann Dinneen, Nixon Peabody LLP, Jericho, NY, for Defendants.

Raymond L. Mariani, Nixon Peabody LLP, Jericho, NY, for Defendants/Third–Party Plaintiff.

Bartholomew Banino, Stephen J. Fearon, Condon & Forsyth, LLP, Scott Ira Gurtman, Lester, Schwab, Katz and Dwyer, LLP, New York, NY, for Third–Party Defendant.

*ORDER*

MAUSKOPF, District Judge.

The instant matter involves a personal injury action brought by husband and wife plaintiffs Naheed and Ali Kully (collectively "Plaintiffs"). Naheed Kully, an employee of third-party Defendant Saudi Arabian Airlines ("SAA"), is alleged to have sustained injuries while aboard a mobile stair truck at New York's John F. Kennedy International Airport. Although the Kullys initially brought suit in New York State Court only as against the New York-based Defendants, Aircraft Service International Group, Inc., a/k/a ASIG ("ASI"), Carmine Testa and Olga Guallpa, ASI asserted third-party indemnification and contribution claims against SAA and Global Securities Associates, LLC. Pursuant to provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1441(d), SAA—an acknowledged foreign state entity—removed the entirety of the case to this Court. Pursuant to 28 U.S.C. § 1447, Plaintiffs have moved to remand the action back to State Court, or, alternatively, ask this Court to sever and retain only the third-party action, while remanding the main action. This Court declines to do either. For the reasons set forth below and discussed more fully on the record at oral argument held this date, Plaintiffs remand motion is hereby DENIED in its entirety. Pursuant to § 1441(d) this Court shall retain jurisdiction over the entirety of the action.

■ Although the Second Circuit has not addressed the scope of removal under 28 U.S.C. § 1441(d), the circuit courts that have addressed the issue all have concluded that removal 1) is proper when invoked by a foreign sovereign defendant, even where such defendant is implicated only by virtue of third-party claims, and 2) encompasses the entire action, not merely the claims asserted against the foreign sover-

eign. *See Delgado v. Shell Oil, Co.,* 231 F.3d 165, 177 (5th Cir.2000); *Davis v. McCourt,* 226 F.3d 506, 510 (6th Cir.2000); *In re Air Crash Disaster Near Roselawn, Indiana,* 96 F.3d 932 (7th Cir.1996); *Chuidian v. Philippine Nat'l Bank,* 912 F.2d 1095 (9th Cir.1990); *In re Surinam Airways Holding Co.,* 974 F.2d 1255 (11th Cir.1992); *see also, Noonan v. Possfund Inv., Ltd.,* No. 89–cv–2903, 1994 WL 515440 (S.D.N.Y. Sept. 3, 1993). This Court finds persuasive the reasoning relied upon by those courts and holds that upon the facts and circumstances presented here, removal of the entire action by SAA was proper pursuant to § 1441(d).

 Moreover, this Court finds that retention of the entire matter is warranted. "The legislative history of § 1441(d) shows that Congress intended to 'give sovereign foreign defendants an absolute right to a federal forum coupled with an unusually strong preference for the consolidation of claims.'" *In re Surinam Airways Holding Co.,* 974 F.2d at 1260, quoting *Teledyne, Inc. v. Kone Corp.,* 892 F.2d 1404, 1409 (9th Cir.1989). In this action, SAA's liability on the third-party claims are integrally related to the main action, and SAA's interest in asserting a complete defense mitigates in favor of a singular action. Remanding the main claim to state court while according the foreign sovereign its right to a federal forum would create a risk of inconsistent outcomes and frustrate judicial economy. As such, Plaintiffs' motion to remand all or part of this action is denied.

Finally, this Court must consider holding parallel proceedings, with the claims against SAA tried to the Court and all other claims tried to a jury. In addition, the Court has advised the parties pursuant to Fed. R. Civ. P 39(c) that it may consider utilizing the same jury to render an advisory opinion as to the claims against SAA.

*See In re Aircrash Disaster Near Roselawn, Indiana,* 909 F.Supp. 1083, 1114 (N.D.Ill.1995), *aff'd* 96 F.3d 932. These issues will be addressed at an appropriate time in the course of the litigation.

## CONCLUSION

For the reasons above and as discussed on the record, Plaintiff's motion to remand is DENIED in its entirety. Pursuant to removal jurisdiction conferred under 28 U.S.C. § 1441(d) in matters involving foreign state entities, this Court shall retain jurisdiction over the entirety of this action. The parties shall proceed with discovery in this Court, under the supervision of the assigned Magistrate Judge.

SO ORDERED.